IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Kelly Thimios | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| National Credit Systems, Inc. 3800 Camp Creek Pkw, SW Bld 1800-110 Atlanta, GA 30331 | ) ) ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through her attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Kelly Thimios, brings this action to secure redress from unlawful collection practices engaged in by Defendant, National Credit Systems, Inc.. Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

## APPLICABLE CASE LAW

2. In *Evory* v. *Rjm Acquisitions Funding, L.L.C.*, 505 F.3d 769, 2007 WL 3071678 (7th Cir., 2007), the Court laid out safe harbor language of "[W]e are not obligated to renew this offer," for offers to settle debt.

3. An attorney's signature implies the attorney has formed a professional judgment about the debtor's case; these implications will frequently be false in a mass mailing situation *Avila* v. *Rubin*, 84 F.3d 222 (7th Cir., 1996)

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

5. Venue is proper because a substantial part of the events giving rise to

this claim occurred in this District.

## PARTIES

6. Plaintiff, Kelly Thimios (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
7. Plaintiff is a resident of the State of Illinois
8. Defendant, National Credit Systems, Inc. ("Defendant"), is a Georgia business entity with an address of 3800 Camp Creek Pkwy SW Bldg 1800-110, Atlanta, GA 30331-6050 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
9. Unless otherwise stated herein, the term "Defendant" shall refer to National.
10. At some point, the original creditor, transferred this debt to Defendant for debt collection.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

11. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $1566.78 (the "Debt") to an original creditor (the "Creditor")
12. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
13. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
14. On February 3, 2020, Defendant sent a non-initial communication to Plaintiff. See Exhibit A.
15. The opening of the letter stated "[W]e have authorized to extend a debt discount opportunity on the above referenced account" See Exhibit.
16. Next, said letter stated "[Y]ou may satisfy your debt in full at a 50% discount, the Resolution Offer, if you pay by 02/29/2020. This offer is valid as of the time of the receipt of this letter until the offer expiration date of 02/29/20." See Exhibit.

17. Moreover, Defendant advises Plaintiff that she should use her tax refund to help with the payment to settle this debt and if it can not be paid by 02/29/20, "contact us before the expiration date is mentioned above, and we will extend this special into the month of March." See Exhibit
18. There is nothing in this letter that states "there is no obligation to renew this offer."
19. Defendant is deceiving Plaintiff that this is the "FINAL NOTICE-SETTLEMENT OFFER," when in reality the Defendant would be quite willing to offer the same terms in the future.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

20. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
21. The Defendant's conduct violated 15 U.S.C. Section 1692e by sending a misleading communication to Plaintiff.

### JURY DEMAND

22. Plaintiff demands a trial by jury.

### PRAYER FOR RELIEF

23. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, PC
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff